IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLANORA THOMPSON | : |
| | : |
| v. | : |
| | : |
| UNUMPROVIDENT CORPORATION | : |
| a/k/a UNUM LIFE INSURANCE | :   NO.: 02-CV-4593 |
| COMPANY OF AMERICA | : |
| | : |
| and | : |
| | : |
| ALL FIRST BANK | : |
| a/k/a FIRST MARYLAND BANKCORP | : |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

Defendant filed a motion requesting that the Court dismiss, with prejudice, the plaintiffs claim for future benefits. Specifically, the "wherefore" clause of the plaintiff's Complaint seeks, inter alia, the following relief:

> . . . a declaration that plaintiff is totally disabled and shall receive benefits under the plain in the future.

See defendants' Motion to Dismiss, at Exhibit "A." As defendant explained in its motion to dismiss and supporting memorandum of law, under both Pennsylvania law and ERISA, a plaintiff is not entitled to future benefits under a monthly disability policy.

Plaintiff responded to Defendants' Motion to Dismiss and relied on the same case the defendant used to exemplify how Court's routinely approach issues concerning future benefits. In Williams v. UNUM Life Insurance Company of America, 940 F. Supp. 136 (E.D.Va. 1996), the plaintiff filed a complaint seeking relief under ERISA. UNUM field a motion challenging whether the plaintiff was entitled to a jury trial on her claims. In issuing its opinion, the court examined the nature of the plaintiffs' claims and the remedy sought by the plaintiff.

The court found that the plaintiff sought damages in excess of the amount of benefits which were due and owing her at the time she filed her case. Specifically, the court noted that the plaintiff sought "the present value of future benefits she contends she is entitled to under the plan." Id. at 142. However, the court commented as follows:

> Such an **award of future benefits is not typically available under ERISA given that circumstances may change affecting her eligibility for benefits. Instead, if she prevails in her claim for benefits, Williams may recover money damages for benefits due and owing** and she may further obtain a declaratory judgment that she is entitled to future disability benefits provided circumstances concerning her eligibility do not change.

Id. at 142-143. (Emphasis added.)

The plaintiff is mistaken in her understanding of the court's holding in Williams and its effect on the instant dispute. The plaintiff quotes the Williams decision as finding that one may obtain "a declaratory judgment that [one] is entitled to future disability benefits provided circumstances concerning [one's] eligibility do not change." See plaintiff's memorandum; see also Williams, at 143.

However, the instant plaintiff did not ask the Court to declare that she may be entitled to future disability benefits provided that her circumstances do not change. Rather, the plaintiff asked this Court to declare that she is "totally disabled and shall receive benefits under the plan in the future." See Exhibit "A" of Defendants' Motion to Dismiss (Emphasis added.)

Plaintiff is essentially asking this Court to declare that she is and will remain disabled each day for the rest of her life. Inherent in such request is the necessity of the court to declare the plaintiff "permanently disabled." However, the plan at issue does not recognize or provide for "permanent disability." Instead, the plan requires the insured claiming disability to show entitlement to monthly benefit payments under the terms and conditions of the policy by

submitting monthly proof of loss statements and periodic statements from treating physicians. See policy, attached to plaintiff's complaint as Exhibit "A."

Thus, the plaintiff's actual request for relief raises all of the concerns cited by the Williams court with regards to why carte blanche awards of future benefits are not granted. Namely, the looming possibility that the plaintiff will no longer meet the eligibility requirements set forth in the disability insurance plan for entitlement to monthly disability benefits.

In addition to requiring a claimant to present monthly proof of disability, the plan also plainly states that,

> Disability benefits will cease on the earliest of:
>
> 1. the date the insured is no longer disabled;
> 2. the date the insured dies;
> 3. the end of the maximum benefit period;
> 4. the date the insured's current earnings exceed 80% of his indexed pre-disability earnings.

See Exhibit "A" of plaintiff's complaint.

The plaintiff argues that she is entitled to disability benefits until the end of the maximum benefit period, or until she attains age 65. See plaintiff's memorandum. However, the policy language clearly states that there are other circumstances that could trigger the termination of disability benefits as well.

Neither plaintiff, nor this Court, can predict the future. The plaintiff cannot guarantee that she will a.) remain disabled until she reaches age 65, b.) that she will not die before she reaches age 65, or c.) that her earnings will never exceed 80% of her indexed pre-disability earnings; nor can this Court rule that all of those possibilities are out of the question. The contract provides that upon the happening of any of these events, disability benefits cease. The plaintiff is essentially asking this Court to re-write the policy language to provide her with a benefit for which the parties never bargain and for which UnumProvident received no consideration.

As was recognized by this Court in <u>Doe v. Provident Life and Accident Insurance Company</u>, 936 F. Supp.302 (E.D. Pa. 1996), a request for a declaration of permanent disability and entitlement to future benefits should not be entertained because the assumption that an insurer would refuse to pay the plaintiff future benefits after a judicial determination of disability is speculative and Pennsylvania courts have routinely denied claims for future benefits under disability policies absent complete repudiation. <u>Id.</u> at 307-08. <u>See</u> <u>also</u> <u>Brosnan v. Provident Life Accident Insurance Company</u>, 1999 U.S. District LEXIS 2759 (E.D. Pa. , March 11, 1999) (holding that a plaintiff was not entitled to a declaration of totally disability under the applicable disability insurance policies, and noting that "[t]he policies only required defendant to pay benefits while plaintiff is totally disabled…Such a declaration would be a de facto grant of future benefits.")

The plain language of the disability plan at issue requires the plaintiff to submit monthly proof of continuing disability so long as she claims to be disabled within the meaning of that term as defined by the plan, and, therefore, entitled to benefits. Furthermore, the plan plainly states that the plaintiff will only receive monthly disability benefits so long as she remains so disabled under the plan. The plan also provides that the defendant shall cease to pay disability benefits to the plaintiff once she is no longer disabled, attains age 65, dies or earns more than 80% of her indexed pre-disability earnings. Plaintiff asks this Court to ignore all of those requirements and to rewrite the plain and unambiguous terms of the plan so that she may be awarded a de facto grant of disability benefits until she reaches age 65, regardless of whether she satisfies the remaining criteria for entitlement to disability benefits under the plan, namely, whether she actually remains disabled under the plan on a month to month basis.

The relief the plaintiff seeks is not only contrary to the plain terms of the plan, but it is also contrary to well settled law of ERISA and the Commonwealth of Pennsylvania. Plaintiff has not plead that she is entitled to reformation of the disability plan at issue, nor has she presented any evidence even tending to suggest that she is entitled to such a remedy.

The court cannot determine precisely how long the plaintiff's disability will persist or whether it will persist at all. As the court in <u>Williams, supra,</u> pointed out, the plaintiff may only seek a declaration that she is entitled to benefits so long as she is disabled within the meaning of that terms as used in the policy, but she cannot seek a declaration that she is and forever will be disabled under the terms of the plan, and, thus, entitled to benefits for perpetuity. Accordingly, the plaintiff may only institute a suit for those benefits due and owing at the time of filing.

WHEREFORE, Defendants, UnumProvident Corporation and All First Bank, respectfully requests this Honorable Court to dismiss plaintiff's request for a declaration that she is entitled to future benefits under the plan, with prejudice.

**Respectfully Submitted,**

**POST & SCHELL, P.C.**

BY  _____
**WILLIAM S. FOX, ESQ.**
**I.D. #57207**
**TRACEY N. KILCULLEN, ESQ.**
**I.D. #84006**
**Attorneys for Defendants**
1800 JFK Boulevard - 19th Floor
Philadelphia, PA   19103
(215) 587-1000

**DATE:  August 9, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLANORA THOMPSON : | |
| : | |
| v. : | |
| : | |
| UNUMPROVIDENT CORPORATION : | NO.: 02-CV-4593 |
| a/k/a UNUM LIFE INSURANCE : | |
| COMPANY OF AMERICA : | |
| : | |
| and : | |
| : | |
| ALL FIRST BANK : | |
| a/k/a FIRST MARYLAND BANKCORP : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendants UNUMProvident Corporation and All First Bank's Motion to Dismiss, and all responses thereto, it is hereby ORDERED and DECREED that plaintiff's request for a declaration that she is entitled to future benefits, and/or a declaration that she is totally and permanently disabled, is DISMISSED WITH PREJUDICE.

BY THE COURT:

_____

J.