IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLANORA THOMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION, ET AL. | : | NO. 02-4593 |

**O R D E R**

    **AND NOW**, this 19th day of August, 2002, upon consideration of Defendant's Motion to Dismiss Plaintiff's request for a declaration of permanent disability and entitlement to future benefits (Docket No. 3) and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff's request for a declaration of total and permanent disability and entitlement to future benefits is **DISMISSED** with prejudice.[1]

---

[1] Plaintiff seeks long term disability benefits pursuant to a policy of insurance (the "Plan") provided by her employer, All First Bank, and administered by UnumProvident Corporation. The Complaint alleges that Plaintiff is totally disabled and qualifies for long-term disability benefits which were improperly denied by Defendants. The Complaint requests payment of past benefits and a "declaration that Plaintiff is totally and permanently disabled and shall receive benefits under the Plan in the future." UnumProvident has moved to dismiss the request for declaratory judgment pursuant to Federal Rule of Civil Procedure 12(b)(6).

    When determining a Motion to Dismiss pursuant to Rule 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. Jordon v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the Plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted when a Plaintiff cannot prove any set of facts, consistent with the complaint, which would entitle him or her to relief. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

    The Declaratory Judgment Act provides:
        In a case of actual controversy within its
        jurisdiction, . . . any court of the United

> States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §2201(a) (1994).

  Article III, Section 2 of the Constitution of the United States "limits federal jurisdiction to actual 'cases' and 'controversies.'" Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1153 (3d Cir. 1995). Federal jurisdiction is limited by the doctrine of "ripeness." The ripeness doctrine is designed to prevent federal courts, "through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Id. at 1154 (citing Abbott Lab. v. Gardner, 387 U.S. 136, 148 (1967)). The doctrine is at least partially grounded in the case or controversy requirement. Id. (citing Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 411 n.12 (3d Cir. 1992)). To determine if a declaratory judgment action is ripe, the court examines the "adversity of the interest" between the parties to the action, the "conclusiveness" of the declaratory judgment, and the "practical help, or utility" of the declaratory judgment. Id. (citing Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990).

  The Plan provides that, once Defendants receive proof that the insured is disabled, benefits will be paid for the period of disability (after the end of an elimination period), so long as the insured furnishes proof of continued disability and regular attendance of a physician at Defendants' request. (Plan at IV and VI.) The Plan does not recognize "permanent" disability or provide that a finding of "permanent" disability establishes a right to future benefits without submission by the beneficiary of proof of continued disability. Moreover, the Plan provides that benefits "will cease on the earliest of: (1) the date the insured is no longer disabled; (2) the date the insured dies; (3) the end of the maximum benefit period; (4) the date the insured's current earnings exceed 80 % of his indexed pre-disability earnings. (Plan at IV.)

  The Court concludes that dismissal is appropriate because Plaintiff's declaratory judgment claim is not ripe. With respect to adversity of interests, the Plaintiff must establish that the probability of the future event occurring is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Salvation Army v. Department of Community Affairs, 919 F.2d 183, 192 (3d Cir. 1990). However, viewing the well-pleaded

BY THE COURT:


_____
John R. Padova, J.

_____

factual allegations of the Complaint in the light most favorable to Plaintiff, it alleges that Plaintiff has been "totally disabled from work . . . during and throughout all periods relevant to this action to the present." (Compl. ¶ 8, emphasis supplied.) The Complaint does not allege that Plaintiff's medical condition(s) will cause her to remain disabled in the future. Accordingly, it is "unduly speculative to say that the plaintiff would be entitled to the future benefits until the expiration of the contract." Hilley v. Mass. Life Ins. Co., 32 F. Supp. 2d 195, 197 (E.D.Pa. 1998). Moreover, Defendant has not yet denied future benefits. The Complaint alleges no basis upon which this Court could find that Defendants "would improperly deny the payment of benefits in the future if the defendant had judgement entered against it in this case with regard to past benefits." Doe v. Provident Life and Accident Insurance Company, 936 F. Supp. 302, 308 (E.D. Pa. 1996) (dismissing request for a declaration of total and permanent disability and entitlement to future benefits).

The claim also fails with respect to conclusiveness. The issuance of the declaratory judgment must clarify or change the legal status of the parties. Step-Saver Data Systems, Inc., 912 F.2d at 648. Here, however, issuance of the declaratory judgment will not sufficiently clarify the rights of the parties, because the future benefits to which Plaintiff would be entitled under the declaratory judgment would be contingent upon Plaintiff's proof that she continues to be disabled in the future or is not excluded from future benefits under one of the other contingencies listed in the Plan. Such contingencies would interfere with the conclusiveness of the declaratory judgment. See Mountbatten Surety Co., Inc. v. Brunswick Ins. Agency, Civ.Act.No.00-CV-1255, 2000 U.S. Dist. LEXIS 10611, at *12-13 (E.D. Pa. July 27, 2000) (holding declaratory relief would not clarify rights because it was based on a contingency).