IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLANORA THOMPSON | : | |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION | : | |
| a/k/a UNUM LIFE INSURANCE | : | NO.: 02-CV-4593 |
| COMPANY OF AMERICA | : | |
| | : | |
| and | : | |
| | : | |
| ALL FIRST BANK | : | |
| a/k/a FIRST MARYLAND BANKCORP | : | |

**DEFENDANT, UNUMPROVIDENT CORPORATION a/k/a UNUM LIFE INSURANCE COMPANY OF AMERICA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

For a complete factual and procedural history, please refer to defendant's, UnumProvident Corporation a/k/a UNUM Life Insurance Company of America ("UNUM"), Motion to Dismiss and supporting Memorandum of Law, previously filed with the Court.

**II.   ARGUMENT**

Plaintiff filed a response to UNUM's motion to dismiss wherein she attempts to argue that a claim made under Pennsylvania's Bad Faith statute, 42 Pa.C.S.A. §8371, is not subject to ERISA pre-emption. In doing so, plaintiff presents no new or novel argument for this Court's consideration. Indeed, plaintiff merely attempts to recycle the same arguments this Court rejected when they were presented by the plaintiffs in Smith v. Continental Casualty Company, 2002 U.S. Dist. LEXIS 18312 (E.D.Pa. September 16, 2002), Kirkhuff v. Lincoln Technical Institute, 2002 U.S Dist. LEXIS 17196 (E.D.Pa. September 6, 2002), and Sprecher v. Aetna U.S. Healthcare, Inc., 2002 U.S. Dist. LEXIS 15571 (E.D.Pa. August 19, 2002).

More specifically, the plaintiff claims that this Court must determine whether Pennsylvania's bad faith statute is a law that regulates insurance, and is therefore "saved" from pre-emption by ERISA's savings clause, 29 U.S.C. §1144(b)(2)(A), and, if it is saved, whether the bad faith statute is subject to conflict or categorical pre-emption. This is an issue that is now well settled in this district. Despite the recent flurry of decisions from this Court finding that statutory bad faith claims are pre-empted by ERISA, plaintiff claims that her bad faith claim withstands scrutiny under either of the two standards referenced above. However, plaintiff's reasoning is fatally flawed.

Initially, it must be pointed out that, not surprisingly, plaintiff has completely ignored this Court's recent, and most relevant, decisions in <u>Smith</u>, <u>supra</u>, <u>Kirkhuff</u>, <u>supra</u>, and <u>Sprecher</u>, <u>supra.</u> Plaintiff rests her arguments on <u>Rosenbaum v. UNUM Life Insurance Company of America</u>, 2002 U.S. Dist. LEXIS 14155 (E.D.Pa. July 29, 2002), and a constrained interpretation of U.S. Supreme Court decisions in <u>Rush Prudential HMO, Inc. v. Moran</u>, 122 S.Ct. 2151 (2002), and <u>UNUM Life Ins. Co. of America v. Ward</u>, 119 S.Ct. 1380 (1995). However, a closer review of the most recent pronouncements on the issue of bad faith pre-emption evidences the shortcomings of the <u>Rosenbaum</u> opinion when applied to a case such as the one at bar, and also demonstrates how the <u>Rush</u> and <u>Ward</u> decisions support pre-emption of Pennsylvania's bad faith statute where claims are made pursuant to ERISA plans or policies.

In <u>Rosenbaum,</u> Judge Newcomer found that a claim made pursuant to an ERISA plan and a claim for bad faith damages under §8371 could peacefully coexist. The <u>Rosenbaum</u> court reasoned that §8371 fell within ERISA's savings clause, and, thus, was protected from the broad sweep of ERISA pre-emption. Following <u>Rosenbaum,</u> plaintiffs such as Ms. Thompson, have attempted to assert bad faith claims in conjunction with their claims for benefits under ERISA

regulated employee welfare benefit plans. Defendant-insurers, however, have continued to move to dismiss statutory bad faith claims pursuant to ERISA's pre-emption provisions, thereby presenting this Court with ample opportunity to revisit the issue and re-evaluate the rationale of the Rosenbaum decision. What has emerged has been a general consensus that, despite the Rosenbaum decision, statutory bad faith claims are indeed subject to ERISA pre-emption.

The Rosenbaum decision was issued in late July, 2002. In August and September two more decisions were issued questioning the Rosenbaum opinion and refusing to follow that decision. First, in Sprecher, Judge Buckwalter unequivocally held, "I respectfully disagree with the Rosenbaum decision and find that Pennsylvania's bad faith statute is preempted by ERISA." Id. at *8. Judge Bartle echoed the sentiment shortly thereafter in Kirkhuff when he too refused to follow the Rosenbaum decision.

All of the courts considering this issue have considered the McCarran-Ferguson factors, which are traditionally employed to determine whether a state law "regulates insurance" so as to fall under the protection of ERISA's savings clause. See 15 U.S.C. §1011 et seq. The McCarran-Ferguson test consists of three factors used to determine whether the law or practice at issue fits within the "business of insurance;" (1) whether the law or practice has the effect of transferring or spreading a policyholder's risk; (2) whether the law or practice is an integral part of the policy relationship between insurer and insured; and (3) whether the law or practice is limited to entities within the insurance industry.

In Sprecher, Judge Buckwalter found that the Pennsylvania bad faith statute failed to satisfy the first and second factors of the McCarran-Ferguson test in that "[t]he availability of punitive damages and interest penalties to a policyholder whose insurer has improperly processed a claim for benefits does not allocate risk. . ." and that the statute does not control or

change the terms of the contract between the insurer and the insured.  In Kirkhuff, Judge Bartle considered both the Rosenbaum court's reasoning and the reasoning of the Sprecher court and found the Sprecher court's rationale persuasive.  The Kirkhuff court found that §8371 did not serve to spread the policy holder's risk, nor did it "constitute an integral part of the relationship between the insurer and insured."  See id. at *6.

The Rosenbaum court found that, under a common sense standard, examining the title of the statute and it wording, the statute was one that regulated insurance, and that the statute substantially satisfied the McCarran-Ferguson factors.  However, the Rosenbaum opinion ends there.  The Rosenbaum court failed to take its analysis one step further.

In Sprecher and Kirkhuff, the courts recognized that their inquiry could not end with the McCarran-Ferguson test.  Rather, these courts recognized that "even if the statute would otherwise fit within the savings clause, preemption still wins the day if [the] 'state law permits claimants to obtain remedies that Congress rejected in ERISA.'"  See Kirkhuff, at *6, quoting, Rush Prudential HMO, Inc. v. Moran, 122 S.Ct. at 2165.  The rationale behind such pre-emption is that adding alternative remedial devices is categorically preempted by ERISA.

The Sprecher court found that "[Pilot Life Ins. Co. v. Dedeaux, 107 S. Ct. 1549 (1987)] established that it was Congress' clearly expressed intent that the civil enforcement provisions of ERISA, 29 U.S.C. § 1132(a), be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries."  Id. at *18, citing Pilot Life, 481 U.S. at 52.  Sprecher found that "the Pilot Life rule carves out a limited exception to the saving clause when state insurance laws allow plan participants to obtain remedies under state law that Congress rejected in ERISA."  Sprecher, at *18.  As a result, the Sprecher court properly reasoned that Pennsylvania's bad faith statute is subject to such pre-emption.  See id. at *19.

> The question therefore, is whether Pennsylvania's bad faith statute provides such a vehicle. I conclude that it clearly does. ERISA's enforcement scheme authorizes an action to recover benefits, obtain a declaratory judgment that one is entitled to benefits, and to enjoin an improper refusal to pay benefits. 29 U.S.C. §1132(a). ERISA's civil enforcement provision also authorizes suits to seek removal of the fiduciary as well as claims for attorney's fees. In contrast, punitive damages and interest penalties are not provided for under ERISA. Thus, Pennsylvania's bad faith statute, authorizing punitive damages and interest penalties, would significantly expand the potential scope of ultimate liability imposed upon employers by the ERISA scheme. In short, the relief ultimately available would not be what ERISA authorizes in a suit for benefits under §1132(a). <u>Therefore, because Pennsylvania's bad faith statute provides a form of ultimate relief in a judicial forum that adds to the judicial remedies provided by ERISA, it is incompatible with ERISA's exclusive enforcement scheme and falls within Pilot Life's categorical preemption.</u>

<u>Sprecher</u>, at *20, citing <u>Pilot Life</u>, 481 U.S. at 54 (emphasis added). The <u>Kirkhuff</u> court reached the same conclusion, thereby highlighting the shortcomings of the <u>Rosenbaum</u> opinion. Indeed, the doctrine of conflict/categorical preemption was wholly ignored by the <u>Rosenbaum</u> Court.

Plaintiff's counsel attempts to convince this Court that it is not bound by categorical pre-emption, asserting that the Supreme Court did not recognize any such preemption existed in either <u>Ward</u> or <u>Rush.</u> However, the plaintiff is mistaken. The <u>Kirkhuff</u> court found that,

> The Supreme Court in <u>Rush</u> specifically declared that any state law that 'added to the judicial remedies provided by ERISA. . .violates ERISA's policy of inducing employers to offer benefits by assuring a predictable set of liabilities, under uniform standards or primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred.'

<u>Kirkhuff,</u> at *6, <u>quoting,</u> <u>Rush,</u> 122 S.Ct. at 2166. Indeed, the <u>Kirkhuff</u> court discussed, at some length, the reconciliation of the <u>Rush</u> decision with its own.

> The more recent Supreme Court decision in Rush is not to the contrary. There Illinois state law provided for an independent medical review of a patient's claim when it is disputed by his or her health maintenance organization (HMO). The HMO had a contract

>to provide medical services under an employee benefit plan covered by ERISA. Under the ERISA plan, the HMO had the 'broadest possible discretion' in determining whether the medical services were 'medically necessary.' The Court ruled that the state law was merely akin to requiring a second opinion and nothing more than a procedure for the administrative review of benefit determinations. In deciding that the Illinois insurance law in issue was not preempted, the Supreme Court explained that it 'provides no new cause of action under state law and authorizes no new form of ultimate relief.'
>
>In contrast, the Pennsylvania bad faith statute provides a new cause of action and a new form of ultimate relief.

Kirkhuff, 2002 U.S. Dist. LEXIS 17196, *8. (Citations omitted).

Finally, in his recent decision in Smith v. Continental Casualty Ins. Co., supra, Judge Waldman reached the same conclusion as his colleagues, Judges Buckwalter and Bartle. Judge Waldman reached his opinion without merely relying only on the opinions of Sprecher and Kirkhuff, but rather by examining the issues anew based upon the language of ERISA and the Supreme Court cases concerning the scope and sweep of ERISA's preemption provisions. Judge Waldman, like Judge Bartle, explained precisely how the Supreme Court's Rush decision operates to demand the result he reached, specifically, that the Pennsylvania Bad Faith statute is pre-empted because it provides a remedy not provided for under ERISA. Indeed, Judge Waldman commented that, "The pronouncement in Pilot Life that ERISA provides a comprehensive civil enforcement scheme which is intended to be exclusive was left intact and indeed reinforced by the Court's later opinions in UNUM Life and Rush." Smith, at *7-8. Judge Waldman elaborated as follows:

>The Court in Rush recognized that some laws which fall within the saving clause may nevertheless conflict with the clear intent of Congress that the ERISA civil enforcement provisions be exclusive. The Court stated that 'although we have yet to encounter a forced choice between the congressional policies of exclusively federal remedies and the 'reservation of the business of

>     insurance to the States,' we have anticipated such a conflict, with
>     the state insurance regulation losing out if it allows plan
>     participants 'to obtain remedies under state law that Congress
>     rejected in ERISA.'"

Smith, at *8, quoting, Rush, 121 S.Ct. at 2165.

Plaintiff has presented this Court with no unique or persuasive reasoning to warrant a departure from the recent decisions in Sprecher, Kirkhuff, and Smith. Plaintiff has failed to distinguish her case from those presented in Sprecher, Kirkhuff, or Smith. Likewise, plaintiff has failed to present any compelling reason for this Court to ignore the principles of categorical preemption and follow the Rosenbaum decision despite the fact that it has been rejected by subsequent opinions of this Court concerning pre-emption of statutory bad faith claims.

Accordingly, the plaintiff cannot be permitted to seek statutory bad faith damages because to do so would be to allow the plaintiff to employ a remedy not otherwise available under ERISA and which the Supreme Court and Third Circuit have repeatedly held is not available under ERISA. Massachusetts Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985) (extra-contractual damages not available under ERISA); Pryzbowski v. U.S. Healthcare, 245 F.3d 266, 275 (3d Cir. 2001) ("We conclude that the District Court did not err in holding that plaintiff's bad faith claim is completely preempted.); Wolk v. UNUM Life Ins. Co., 186 F.3d 352, 354 n3 and 358 (3d Cir. 1999).

IV.     CONCLUSION

In summary, in accordance with the authority outlined above, plaintiff's bad faith claim is preempted by ERISA.  As noted, Pennsylvania bad faith statute does not meet two of the three McCarran-Ferguson factors.  More importantly, regardless of whether §8371 is viewed as regulating insurance, it is preempted because it conflicts with ERISA's exclusive civil enforcement/remedies scheme.  Accordingly, the defendants' Motion to Dismiss plaintiff's claim for bad faith damages pursuant to 42 Pa.C.S.A. §8371 should be granted.

**Respectfully Submitted,**

**POST & SCHELL, P.C.**

By: _____
**WILLIAM S. FOX, ESQ.**
**I.D. #57207**
**TRACEY N. KILCULLEN, ESQ.**
**I.D. #84006**
**ATTORNEYS FOR DEFENDANTS,**
**UNUMPROVIDENT CORPORATION**
**AND ALL FIRST BANK**
1800 J.F.K. Boulevard
19th Floor
Philadelphia, PA 19103
215-587-1000

**Date: October 24, 2002**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant, UNUMProvident Corporation a/k/a UNUM Life Insurance Company of America's Reply Brief in Support of its Motion to Dismiss was sent via first class mail to the following individual.

        Vincent F. Presto, Esq.
        124 Chestnut Street
        Suite 16
        Phila., PA 19106

        POST & SCHELL, P.C.

        _____
        WILLIAM S. FOX, ESQUIRE

DATE: October 24, 2002