```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ALLANORA THOMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNUMPROVIDENT CORPORATION, ET AL. | : | NO. 02-4593 |

**O R D E R**

**AND NOW**, this 13th day of November, 2002, upon consideration of Defendants' "Motion to Dismiss Plaintiff's Claim for Bad Faith Damages" (Docket No. 12) and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff's claim for damages pursuant to 42 Pa. Cons. Stat. Ann. § 8371 is **DISMISSED** with prejudice.[1]

---

[1] Plaintiff has filed an Amended Complaint which seeks damages under Pennsylvania's insurance bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371. (West 1998). Defendants have moved for dismissal of Plaintiff's bad faith claim on the ground that § 8371 is preempted by the Employee Retirement Income Security Act ("ERISA"). Plaintiff argues that § 8371 is exempted from preemption by ERISA's saving clause, which exempts from preemption "any law of any State which regulates insurance." 29 U.S.C. § 1144(b)(2)(A) (West 1999). When deciding whether a law regulates insurance, and is protected by ERISA's saving clause, the Court first uses a common-sense test to determine whether the statute is "specifically directed toward that industry." Rush Prudential HMO, Inc. v. Moran, __U.S.__, 122 S. Ct. 2151, 2159 (2002) (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 50 (1987). The Court then "test[s] the results of the common-sense enquiry by employing the three factors used to point to insurance laws spared from federal preemption under the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq." Rush, 122 S. Ct. at 2159. The McCarran-Ferguson factors are: "first, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry." Unum Life Ins. Co. of Am. v. Ward, 526 U.S. 358, 367 (1999) (citing Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 743 (1985)).

BY THE COURT:

_____
John R. Padova, J.

---

Plaintiff relies on Rosenbaum v. Unum Life Ins. Co. of Am., No.Civ.A. 01-6758, 2002 WL 1769899 (E.D. Pa. July 29, 2002), which held that Pennsylvania's bad faith statute is exempted from preemption by ERISA's saving clause. The Rosenbaum court used the Common-sense/McCarran-Ferguson Test and found that "a common-sense view of ERISA's saving clause clearly establishes that Pennsylvania's bad faith statute 'regulates insurance' and is specific to the insurance industry." Id. at *2. The court also determined that the statute meets two of the three factors of the McCarran-Ferguson Test. Id. at *2-3. The court found that the bad faith statute does not meet the first factor of the McCarran-Ferguson Test because it does not spread a policyholder's risk, but found that the statute meets the other two factors because it plays an integral part in the policy relationship and is limited to entities within the insurance industry. Id.

Defendant relies on three cases decided in this district after Rosenbaum: Sprecher v. Aetna U.S.Healthcare, Inc., No.Civ.A. 02-580, 2002 WL 1917711 (E.D. Pa. Aug. 19, 2002); Kirkhuff v. Lincoln Tech. Inst., Inc., Nos.Civ.A. 02-483, 02-2043, 02-2044, 2002 WL 31015204 (E.D. Pa. Sept. 6, 2002); and Bell v. UnumProvident Corporation, No.Civ.A. 02-2418, 2002 WL 31099792 (E.D. Pa. Sept. 19, 2002). The Sprecher, Kirkhuff and Bell courts each found that ERISA preempts Pennsylvania's bad faith insurance statute for two reasons: (1) the statute does not satisfy the McCarran-Ferguson Test because it does not spread policyholder risk and it does not play an integral part in the policy relationship (because insurers have a duty of good faith with respect to policy holders regardless of the bad faith statute); and (2) the statute would allow claimants to "obtain remedies that Congress rejected in ERISA." Kirkhuff, 2002 WL 31015204, at *2 (citing Rush, 122 S.Ct. at 2165) ("Although we have yet to encounter a forced choice between the congressional policies of exclusively federal remedies and the 'reservation of the business of insurance to the States,' we have anticipated such a conflict, with the state insurance regulation losing out if it allows plan participants 'to obtain remedies . . . that Congress rejected in ERISA.'") (internal citations omitted); see also Sprecher, 2002 WL 1917711, at *4-7; Bell, 2002 WL 31099792, at *5-7. Having considered the relevant case law, the Court adopts the reasoning of Sprecher, Kirkhuff and Bell and finds that Plaintiff's claim for damages pursuant to Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371, is preempted by ERISA. Accordingly, Plaintiff's claim for bad faith damages is dismissed.